IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

|  |  |
|---|---|
| SEAN CHRISTOPHER CLEMMONS, | |
| Plaintiff, | CIVIL ACTION NO.: 2:21-cv-9 |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. Plaintiff's FTCA claim for negligent hiring and retention against Defendant United States;

2. Plaintiff's FTCA claim for fraud against Defendant United States;

3. Plaintiff's due process and equal protection claims against Defendants Garrett, Chalfante, Nash, and Cameron;[1] and

4. Any claims against Melissa Forsyth.

However, I **FIND** some of Plaintiff's claims may proceed. Specifically, the Court will direct service, by separate Order, of:

---

[1] The Court **DIRECTS** the Clerk of Court to add Defendants Garrett, Chalfante, Nash, and Cameron to the docket of this case.

1. Plaintiff's FTCA claim for conspiracy to commit assault and battery against Defendant United States;

2. Plaintiff's FTCA claim for assault and battery against Defendant United States;

3. Plaintiff's FTCA claim for intentional infliction of emotional distress against Defendant United States;

4. Plaintiff's Eighth Amendment excessive force claim against Defendants Baker, Kightlinger, John Doe, and Fanton; and

5. Plaintiff's First Amendment retaliation claims against Defendants Baker, Fanton, Garrett, Chalfante, Nash, Edge, and Cameron.

## PLAINTIFF'S CLAIMS[2]

Plaintiff, proceeding pro se, filed this action asserting various Bivens claims against individual Defendants and FTCA claims against Defendant United States. Doc. 1 at 1–2. Plaintiff's claims primarily relate to events occurring on July 12, 2019, where he was transported from the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), to Savannah, Georgia, for medical treatment and then back to FCI Jesup. Id. at 3, 5–6. Plaintiff alleges Defendants Baker, Fanton, Kightlinger, and Doe purposefully placed "excessively" tight handcuffs and restraints on Plaintiff when transporting him. Id. Plaintiff complained to Defendants Kightlinger, Fanton, and Doe the restraints were too tight, but they ignored him and refused to loosen the restraints in order to "punish, discipline, or hurt" him because of his other litigation against staff at FCI Jesup. Id. at 3, 6. Plaintiff was placed in the back of Defendant Baker's personal vehicle, which was too small, for transport per Defendant Baker's orders. Id. at 5. As a result of the handcuffs and restraints being too tight and the back of the vehicle being too small for Plaintiff to sit properly, Plaintiff suffered physical and emotional pain, as well as physical

---

[2] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

injuries. Id. at 3, 5–7. Plaintiff's physical injuries include worsening Plaintiff's damaged nerve condition, muscle fascia, cysts on Plaintiff's right wrist, and symptoms of carpal tunnel. Id. at 5, 7. Plaintiff also states Defendants inflicted severe emotional distress and he is presently receiving psychological care related to the incident. Id. at 9.

Additionally, Plaintiff brings claims related to FCI Jesup's hiring and retention of Melissa Forsyth, a purported psychologist at FCI Jesup, against Defendant United States. Id. at 2, 9. Plaintiff alleges Forsyth acts as his psychologist at the prison but has no training, education, certification, or license to treat Plaintiff. Id. Nonetheless, Forsyth posed as a psychologist to examine and diagnose Plaintiff and Defendant United States knew Forsyth was not qualified to treat mental illness. Id.

Finally, Plaintiff brings a claim against Defendants Garrett, Chalfante, Nash, and Cameron for refusing to place him in a halfway house or transitional center, violating his Fourteenth Amendment rights. Id. at 10. Plaintiff further asserts he was denied placement in a halfway house or transitional center due to grievances he has filed against these Defendants, violating his First Amendment rights. Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by

attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

### I. Negligent Hiring and Retention Claim and Fraud Claim Against Defendant United States

Plaintiff brings FTCA claims against Defendant United States for negligent hiring and retention of Melissa Forsyth and fraud for representing Forsyth is a psychologist.  Doc. 1 at 2.  Essentially, Plaintiff claims Forsyth is not a psychologist, but Defendant United States hired and retained her as one anyway and represented to him that she is a psychologist.  Id. at 9.

The FTCA is a limited waiver of the federal government's sovereign immunity which permits private parties to bring suit in federal court against the United States for injuries resulting from the tortious conduct of persons acting on behalf of the United States.  28 U.S.C. §§ 1346(b)(1) & 2674; see also Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 217–18 (2005) ("In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees.").  Plaintiff's claims under the FTCA against the United States for negligent hiring and retention and fraud do not survive frivolity review.

### A. Negligent Hiring and Retention

"The discretionary function exception to the FTCA bars a claim predicated on an act or omission involving 'the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" Martinez v. Shulkin, No. 8:17-cv-1671, 2018 WL 1121931, at *2 (M.D. Fla. Mar. 1, 2018) (quoting 28 U.S.C. § 2680(a)). "In determining if the 'discretionary function' exception applies, the Court evaluates whether the federal employee's actions were (1) discretionary in nature, and (2) based on considerations of public policy." Brons v. United States, No. 1:14-cv-864, 2015 WL 630433, at *4 (N.D. Ga. Feb. 12, 2015) (citing Cosby v. U.S. Marshals Serv., 520 F. App'x 819, 820 (11th Cir. 2013)). "The first prong of the 'discretionary function' exception is met unless 'a federal statute, regulation or policy specifically prescribes a course of action for an employee to follow.'" Id. (quoting Cosby, 520 F. App'x at 820). "In the second prong, 'the focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis.'" Id. (quoting Cosby, 520 F. App'x at 820); see also Martinez, 2018 WL 1121931, at *2 (noting for the second prong to be satisfied, the judgment or choice at issue "must implicate public policy—the decision [must be] 'grounded in social, economic, and political policy'" (citing Berkovitz v. United States, 486 U.S. 531, 536–37 (1988))).

"Courts have recognized [that] 'it is settled law that the federal government has the unquestioned right to choose its own employees and is therefore not liable for acts done by it in the exercise of this right.'" Tomkiel v. United States, No. 8:14-cv-2758, 2016 WL 3212088, at *3 (M.D. Fla. June 7, 2016) (quoting Radford v. United States, 264 F.2d 709, 710 (5th Cir.

5

1959)); see also Brons, 2015 WL 630433, at *4 ("Courts have consistently held that governmental action regarding employment and termination are an exercise of policy judgment and fall within the discretionary function exception to the FTCA's waiver of sovereign immunity."). Thus, where a plaintiff brings a claim challenging the Government's purportedly negligent hiring, supervision, and retention of a federal employee, the discretionary function exception generally applies and dismissal of the plaintiff's claim is warranted. Martinez, 2018 WL 1121931, at *2; Hall v. United States, No. 7:19-cv-1251, 2021 WL 631930, at *3 (N.D. Ala. Feb. 18, 2021). Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claim against Defendant United States for negligent hiring and retention of Melissa Forsyth.

    **B.**    **Fraud**

The FTCA bars fraud claims against the United States. See 28 U.S.C. § 2680(h) (excluding from scope of FTCA "[a]ny claim arising out of . . . misrepresentation [or] deceit"); Zelaya v. United States, 781 F.3d 1315, 1338 (11th Cir. 2015) (affirming district court's dismissal of misrepresentation claim against the United States based on § 2680(h)). The FTCA exemptions are strictly construed in favor of the United States. See Cadman v. United States, 541 F. App'x 911, 913 (11th Cir. 2013); JBP Acquisitions, LP v. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000). Thus, Plaintiff's claim for fraud against the United States fails. See Alvarez v. United States, 207 F. Supp. 3d 1291, 1301 (M.D. Fla. 2016); Cagnant v. United States, No. 18-22267-CIV, 2019 WL 10910808, at *4 n.2 (S.D. Fla. Jan. 16, 2019) (citing Omegbu v. United States, 475 F. App'x 628, 629 (7th Cir. 2012) (holding plaintiff's "fraud claim is precisely the kind barred by the FTCA's exception for misrepresentation and deceit")). Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's FTCA claim for fraud.

### C. No Claims Against Melissa Forsyth

Melissa Forsyth is identified as a Defendant on the first page of the Complaint and on the Court's docket. Doc. 1 at 1. However, Plaintiff's factual allegations against Forsyth all appear to relate to Defendant United States' negligent hiring and retention of Forsyth. Supporting this inference is how Plaintiff describes his claims. Id. at 2. Plaintiff describes those claims—"Claim 6" and "Claim 7"—as against Defendant Untied States. Id. Plaintiff does not, however, indicate those claims are against Forsyth herself. Accordingly, I **DISMISS** Forsyth from this case and **DIRECT** the Clerk of Court to remove Forsyth as a Defendant.

## II. Due Process and Equal Protection Claims

Plaintiff brings claims against Defendants Garrett, Chalfante, Nash, and Cameron for their refusal to place Plaintiff in a halfway house or transitional center. Doc. 1 at 10. Plaintiff claims their decision violated his due process rights and the Equal Protection Clause of the Fourteenth Amendment. Id.

### A. Due Process Claim

The Due Process Clause protects against deprivations of 'life, liberty, or property without due process of law.'" Kirby v. Siegelman, 195 F.3d 1285, 1290 (11th Cir. 1999).[3] The United States Supreme Court has identified two situations in which a prisoner can be deprived of liberty such that the protection of due process is required: (1) there is a change in the prisoner's conditions of confinement so severe that it essentially exceeds the sentence imposed by the court; and (2) the State has consistently given a benefit to prisoners, usually through a statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant

---

[3] Plaintiff is a federal prisoner who has made allegations against federal actors; thus, the Fifth Amendment right to due process is applicable to his claims. However, the case law applicable to 42 U.S.C. § 1983 claims is also applicable to Bivens claims. Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996).

7

hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 1290–91 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).

However, Plaintiff has no clearly established constitutional right to a placement in a halfway house, transitional center, or any particular place of confinement. See Kramer v. Donald, 286 F. App'x 674, 676 (11th Cir. 2008) (holding a prisoner "has no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison"); Nunez v. FCI Elkton, 32 F. App'x 724, 725 (6th Cir. 2002) (finding a prisoner failed to state a claim for due process violation where he was transferred and denied eligibility for placement in a halfway house); Stanko v. Rios, No. 08-4991, 2009 WL 1303969, at *1 (D. Minn. May 8, 2009), aff'd, 366 F. App'x 725 (8th Cir. 2010) (denying petition for writ of habeas corpus because prisoner has no affirmative right to placement in a halfway house or residential reentry center). Further, Plaintiff has failed to allege not being placed in a halfway house or transitional center imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's due process claim.

### B.     Equal Protection Clause Claim

Plaintiff states Defendants' refusal to place him in a halfway house or transitional center violated the Fourteenth Amendment's Equal Protection Clause and constituted discrimination. Doc. 1 at 10.

To state a valid equal protection claim, a prisoner must show: (1) he has been treated differently from other "similarly situated" inmates, and (2) this discriminatory treatment is based upon a constitutionally impermissible basis, such as race or religion. Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001). Additionally, a prisoner must demonstrate the defendants were

motivated by a discriminatory intent or purpose.  See Parks v. Warner Robins, 43 F.3d 609, 616 (11th Cir. 1995) (requiring "proof of discriminatory intent or purpose" to show an Equal Protection Clause violation); Elston v. Talladega Cnty. Bd. of Educ., 997 F.2d 1394, 1406 (11th Cir. 1993) (requiring a plaintiff to demonstrate the challenged action was motivated by an intent to discriminate to establish an equal protection violation).

Here, Plaintiff's allegations fail to meet either prong.  Plaintiff has not shown he has been treated differently from other "similarly situated" inmates.  Nor has Plaintiff shown the discriminatory treatment was based upon a constitutionally impermissible basis, such as race or religion.[4]  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's Fourteenth Amendment Equal Protection Clause claim.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. Plaintiff's FTCA claim for negligent hiring and retention against Defendant United States;

2. Plaintiff's FTCA claim for fraud against Defendant United States; and

3. Plaintiff's due process and equal protection claims against Defendants Garrett, Chalfante, Nash, and Cameron.

However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service, by separate Order, of:

1. Plaintiff's FTCA claim for conspiracy to commit assault and battery against Defendant United States;

2. Plaintiff's FTCA claim for assault and battery against Defendant United States;

---

[4]   To the extent Plaintiff contends he was treated differently and was not placed in a halfway house or transitional center because he filed grievances against Defendants, his First Amendment claim is based on that contention, and he is permitted to proceed on that claim.

    3.       Plaintiff's FTCA claim for intentional infliction of emotional distress against Defendant United States;

    4.       Plaintiff's Eighth Amendment excessive force claim against Defendants Baker, Kightlinger, John Doe, and Fanton; and

    5.       Plaintiff's First Amendment retaliation claims against Defendants Baker, Fanton, Garrett, Chalfante, Nash, Edge, and Cameron.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 21st day of September, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA