IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| SEAN CHRISTOPHER CLEMMONS, | |
| Plaintiff, | CIVIL ACTION NO.: 2:21-cv-9 |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants Baker, Cameron, Chalfante, Edge, Fanton, Garret, Kightlinger, and Nash's Motion to Dismiss.  Doc. 26.  The parties have fully briefed the matter.  Docs. 32, 36, 39.  For the following reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motion and **DIRECT** the Clerk of Court to enter the appropriate judgment in favor of Defendants as to Plaintiff's First Amendment retaliation claim and Eighth Amendment excessive force claim.  Based on these recommendations, I also **RECOMMEND** the Court **DISMISS** Baker, Cameron, Chalfante, Edge, Fanton, Garret, Kightlinger, and Nash as named Defendants in this case.  Plaintiff's claims against Defendants United States and John Doe should remain pending.

**PROCEDURAL HISTORY**

Plaintiff initially filed his Complaint on January 25, 2021, doc. 1, and the Court conducted frivolity review, doc. 11.  In the resulting Report, I recommended dismissal of several of Plaintiff's claims, and the Court adopted that recommendation.  However, Plaintiff's Federal Tort Claims Act ("FTCA") claims for conspiracy to commit assault and battery, assault and

battery, and intentional infliction of emotion distress against Defendant United States were permitted to proceed.  Id.  Additionally, Plaintiff's Eighth Amendment excessive force claim against Defendants Baker, Kightlinger, and Fanton and First Amendment claims against Defendants Baker, Fanton, Garret, Chalfante, Nash, Edge, and Cameron were permitted to proceed.  Id.  In lieu of an Answer, Defendants Baker, Cameron, Chalfante, Edge, Fanton, Garret, Kightlinger, and Nash filed the instant Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and seek dismissal of Plaintiff's Eighth Amendment and First Amendment claims.  Doc. 26.

## BACKGROUND[1]

Plaintiff's claims primarily relate to events occurring on July 12, 2019, where he was transported from the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), to Savannah, Georgia, for medical treatment and then back to FCI Jesup.  Doc. 1 at 3, 5–6.  Plaintiff alleges Defendants Baker, Fanton, and Kightlinger placed "excessively" tight handcuffs and restraints on Plaintiff when transporting him.  Id.  Plaintiff complained to Defendant Kightlinger the restraints were too tight.  Id. at 5.  In response, Defendant Kightlinger had Defendant Fanton examine the cuffs.  Id.  Defendant Fanton inspected the handcuffs and determined they were properly secured.  Id.  Plaintiff alleges the cuffs were purposefully too tight to "punish, discipline, or hurt" him because of his other litigation against staff at FCI Jesup.  Id. at 3, 6.  Plaintiff was placed in the back of Defendant Baker's personal vehicle, which he alleges was too small for transport, per Defendant Baker's orders.  Id. at 5.  As a result of the handcuffs and

---

[1] Defendants United States and John Doe have not moved for dismissal at this time.  Thus, discussion will be limited to the claims pending against the moving Defendants.

2

restraints being too tight and the back of the vehicle being too small for Plaintiff to sit properly, Plaintiff suffered physical and emotional pain, as well as physical injuries. Id. at 3, 5–7.

Following the trip, Plaintiff requested Defendant Kightlinger take him to the prison's medical department for his pain, and Defendant Kightlinger did so. Id. at 6. At the medical department, Plaintiff received unspecified treatment from PA Arrow. Id. Plaintiff claims his wrist swelled from being handcuffed, his underlying conditions were exacerbated, a "cyst-like lymph node" formed on his right wrist area, and he had other symptoms commonly associated with carpal tunnel syndrome. Id. at 7.

Additionally, Plaintiff brings a claim against Defendants Baker, Fanton, Garrett, Chalfante, Nash, and Cameron for refusing to place him in a halfway house or transitional center out of retaliation. Id. at 10. Plaintiff alleges he was denied placement in a halfway house or transitional center because he filed grievances against these Defendants and that denial violates his First Amendment rights. Id.

## DISCUSSION

Defendants now move for dismissal of Plaintiff's First and Eighth Amendment claims under Federal Rule of Civil Procedure 12(b)(6). Doc. 26. However, Defendant United States does not seek dismissal of Plaintiff's FTCA claims at this time. Plaintiff opposes Defendants' Motion in its entirety. Docs. 32, 39.

**I.    Rule 12(b)(6) Standard**

Under the Rule 12(b)(6) standard, the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Adinolfe v. United Tech. Corp., 768 F.3d 1161, 1168 (11th Cir. 2014). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## II.     Plaintiff's First Amendment Claims Should Be Dismissed

Plaintiff was permitted to proceed with a First Amendment retaliation claim against Defendants Baker, Fanton, Garrett, Chalfante, Nash, and Cameron under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Doc. 11 at 1–2. Defendants argue Plaintiff's First Amendment claim should be dismissed because there is no

recognized First Amendment claim under Bivens.  Doc. 26 at 4–5.  Plaintiff offers no specific response to these Defendants' argument.  See Docs. 32, 29.

In Bivens, the United States Supreme Court held injured plaintiffs can bring an action for damages against federal officers for violations of their constitutional rights.  Behrens v. Regier, 422 F.3d 1255, 1263 n.15 (11th Cir. 2005).  Bivens has been applied to a Fourth Amendment case involving a search and seizure, a Fifth Amendment gender discrimination case, and an Eighth Amendment case involving cruel and unusual punishment.  Ziglar v. Abbasi, 137 S. Ct. 1843, 1854–55 (2017).  The Eleventh Circuit has held, "[T]he expansion of Bivens beyond the three specific contexts [the Supreme Court] has recognized is disfavored."  Johnson v. Burden, 781 F. App'x 833, 836 (11th Cir. 2019) (citing Abbasi, 137 S. Ct. at 1857).

Recently, the Supreme Court unambiguously held "there is no Bivens action for First Amendment retaliation."  Egbert v. Boule, No. 21-47, slip op. at 18 (U.S. June 8, 2022).  In that case, the Ninth Circuit Court of Appeals extended Bivens to a First Amendment retaliation claim.  The Supreme Court reversed, explaining there are good reasons to think Congress might doubt the "efficacy or necessity" of a damages remedy and Congress is in a better position to decide whether there should be a cause of action for First Amendment retaliation claims.  Id. at 18–21.  This Court is bound by the Supreme Court's decision in Egbert.  Accordingly, I **RECOMMEND** the Court **GRANT** this portion of Defendants' Motion and enter judgment in favor of Defendants Baker, Fanton, Garrett, Chalfante, Nash, and Cameron on Plaintiff's First Amendment retaliation claim.

### III. Plaintiff's Eighth Amendment Claim Should Be Dismissed

Defendants argue Plaintiff fails to state an Eighth Amendment excessive force claim against Defendants Baker, Kightlinger, and Fanton.  Doc. 26.  Specifically, Defendants assert

Plaintiff cannot meet the objective or subjective elements of an excessive force claim. Id. at 6–11. Plaintiff opposes this portion of Defendants' Motion to dismiss but offers only a conclusory argument that his Complaint, taken as true, states a claim. Docs. 32, 36.

### A. Eighth Amendment Excessive Force Standard

"The Eighth Amendment's proscription against cruel and unusual punishment governs the amount of force prison officials are entitled to use against inmates. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). To satisfy the objective component, the inmate must show the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Subjectively, such "force is deemed legitimate in a custodial setting as long as it is applied 'in a good faith effort to maintain or restore discipline and not maliciously and sadistically to cause harm.'" Burke v. Bowns, 653 F. App'x 683, 695 (11th Cir. 2016) (quoting Skritch v. Thornton, 280 F.3d 1295, 1300 (11th Cir. 2002)); Pearson v. Taylor, 665 F. App'x 858, 863 (11th Cir. 2016) ("The 'core judicial inquiry' for an excessive-force claim is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'") (quoting Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)).

Any action taken should be viewed considering the wide-ranging deference accorded prison officials acting to preserve discipline and institutional security. Hudson v. McMillian, 503 U.S. 1, 6 (1992). For example, use of an appropriate degree of force to compel compliance with a valid order is justified. Brown v. Smith, 813 F.2d 1187, 1189 (11th Cir. 1987); see also Ort v. White, 813 F.2d 318, 325 (11th Cir. 1987) (evaluating excessive force claim requires consideration of whether immediate coercive measures were taken "in a good faith effort to

restore order or prevent a disturbance, and if the force used was reasonable in relation to the threat of harm or disorder apparent at the time").

### B.     Objective Component

Defendants argue Plaintiff cannot show their use of force—handcuffing him too tightly while transporting him to a medical appointment—was objectively unreasonable.  Doc. 26 at 9.  To satisfy the objective component, Plaintiff must show he suffered a "sufficiently serious" deprivation harmful enough to establish a constitutional violation.  Id.  *De minimis* uses of physical force are beyond constitutional recognition, provided the use of force is not of a sort "repugnant to the conscience of mankind."  Hudson v. McMillian, 503 U.S. 1, 9–10 (1992).  Accordingly, not "every malevolent touch by a prison guard gives rise to a federal cause of action," even if it "may later seem unnecessary in the peace of a judge's chambers . . . ."  Id. at 9 (citation omitted).  However, because injury and force are imperfectly correlated and it is the force used that counts, an inmate "who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."  Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).[2]

The use of handcuffs to restrain an inmate generally does not amount to cruel and unusual punishment.  See Hall v. Santa Rosa Corr. Inst., 403 F. App'x 479, 482 (11th Cir. 2010) (finding officers who forced inmate's hands behind his back to apply handcuffs after inmate refused orders and became combative "did not use unconstitutional excessive force [and] no constitutional violation occurred"); Sepulveda v. Burnside, 170 F. App'x 119, 124 (11th Cir. 2006) (holding claim that officer on one occasion jerked inmate by the ankle while checking his

---

[2]     While Plaintiff's claim arises under Bivens, law related to claims under 42 U.S.C. § 1983 is also generally applicable.  Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

7

leg shackles was *de minimis* use of force); Nolin v. Isbell, 207 F.3d 1253 (11th Cir. 2000) (concluding force used during law enforcement officer's arrest of individual, including painful handcuffing, was not excessive when force and resulting injury were minimal); Gold v. City of Miami, 121 F.3d 1442, 1446–47 (11th Cir. 1997) (holding plaintiff's pain and skin abrasions from handcuffs reflected a minimal amount of force was used to apply the handcuffs).[3]  As the Eleventh Circuit has explained, only the most exceptional circumstances will permit an excessive force claim based on handcuffing alone.  Sebastian v. Ortiz, 918 F.3d 1301, 1312 (11th Cir. 2019).

Here, there was a legitimate need for the use of handcuffs, as Plaintiff, an inmate, was being transported from FCI Jesup to a medical appointment outside the prison in Savannah, Georgia.  Plaintiff does not argue otherwise.  Doc. 1 at 3.  Moreover, Defendant Fanton checked the cuffs to ensure they were not too tight.  Id. at 5–6.  Plaintiff alleges because of the handcuffs, he has experienced wrist pain, including symptoms of carpal tunnel syndrome.  Notably, Plaintiff does not allege he was diagnosed with carpal tunnel syndrome or any other condition or ailment because of the handcuffing.  Id. at 7.  Plaintiff's allegations are insufficient to show Defendants applied more than *de minimis* force.  Speed v. Jackson, No. 5:15-cv-108, 2015 WL 10121096, at *4 (N.D. Fla. Nov. 24, 2015); Gray v. Flournoy, No. CV 113-011, 2013 WL 2470311, at *2 (S.D. Ga. June 7, 2013); Hooper v. Mobile Cnty. Metro Jail, No. CIV.A. 12-00733, 2013 WL 3337281, at *4 (S.D. Ala. July 2, 2013).  Indeed, Plaintiff's primary complaint is the handcuffs

---

[3]     In other contexts, such as the Fourth Amendment context, the Eleventh Circuit has also found the use of handcuffs, even if painful, typically does not constitute excessive force.  Pizarro-Ramos v. Souza, No. 20-14477, 2021 WL 3009724, at *2 (11th Cir. July 16, 2021) ("[T]his Court has indicated numerous times that the use of handcuffs, standing alone, generally does not constitute excessive force."); Huebner v. Bradshaw, 935 F.3d 1183, 1191 (11th Cir. 2019) ("[W]e have repeatedly held that painful handcuffing alone doesn't constitute excessive force.").

aggravated pre-existing nerve pain, doc. 1 at 7, which is insufficient to show the handcuffing was objectively excessive. See Rodriguez v. Farrell, 294 F.3d 1276, 1279 (11th Cir. 2002) (denying a petition for rehearing en banc where the Court of Appeals held police officer-defendants were entitled to qualified immunity from a claim under the Fourth Amendment where a suspect remained handcuffed after complaints the handcuffing was aggravating a pre-existing injury). Thus, Plaintiff's allegations fail to satisfy the objective element of his attempted excessive force claim against Defendants. Gold, 121 F.3d 1442, 1444 (11th Cir. 1997) (holding no constitutional violation where plaintiff was allegedly handcuffed too tightly and too long); Harrison v. Oliver, No. CIV.A. 14-00085, 2015 WL 854851, at *11 (S.D. Ala. Feb. 27, 2015) ("In so much as [plaintiff] challenges that the use of full body restraints while being transported was excessive force or cruelty in violation of his constitutional rights, he has failed to show that this use of force 'shocks the conscience.'").

### C. Subjective Component

Even if Plaintiff's allegations satisfied the objective component of his Eighth Amendment claim, Defendants argue he fails to satisfy the subjective component. The Eleventh Circuit Court of Appeals has identified five factors courts should use to evaluate whether force satisfies the subjective element, i.e., whether it was applied maliciously or sadistically. Pearson, 665 F. App'x at 863; Burke, 653 F. App'x at 695. The factors are: (1) the need for the exercise of force; (2) the relationship between the need for force and the force applied; (3) the extent of injury the inmate suffered; (4) the extent of the threat to the safety of staff and other inmates; and (5) any efforts taken temper the severity of a forceful response. Skelly v. Okaloosa Cnty. Bd. of Cnty. Comm'rs, 456 F. App'x 845, 848 (11th Cir. 2012) (quoting Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009)).

The need for the application of force—in this case handcuffs—cuts in favor of Defendants.  Handcuffs or other restraints are appropriate to use when transporting inmates.  Speed, 2015 WL 10121096, at *4 (N.D. Fla. Nov. 24, 2015); Groover v. Israel, No. 15-61902-CIV, 2015 WL 13310464, at *4 (S.D. Fla. Sept. 14, 2015), *report and recommendation adopted sub nom.,* Groover v. Broward Cnty. Sheriff, 2015 WL 13310896 (S.D. Fla. Oct. 8, 2015); 28 C.F.R. § 570.44.  Similarly, the relationship between the need for force and the force applied cuts in favor of Defendants.  Harrison, 2015 WL 854851, at *12 ("Transportation Officers were transporting prisoners across the state.  It is reasonable that the drivers would restrain the prisoners for the safety of guards and inmates.").  The only allegation of force is the use of handcuffs while transporting Plaintiff.  While transporting Plaintiff, there was an obvious—if not significant—threat to staff and perhaps the public.  Plaintiff is a federal inmate who Defendants were driving several hours to a medical appointment.  Doc. 1 at 3, 5–6.  Plaintiff was in the backseat of a personal vehicle during this trip.  Id.  The driver's back was to Plaintiff, and he would be exposed to a threat of attack if not for use of the handcuffs.  Likewise, if Plaintiff were left unsecured, the public would be exposed to an increased threat he could escape.  Thus, the extent of the threat to the safety of staff and other inmates also weighs in Defendants' favor.

The fourth factor, the extent of Plaintiff's injuries, weighs in Defendants' favor.  Plaintiff provides only conclusory allegations that Defendants applying handcuffs too tightly injured him.  Plaintiff provides no allegations of a particular diagnosis, and, while he describes some symptoms such as wrist pain and a cyst-like growth, these injuries are minimal.  These allegations provide no indication Defendants applied more than *de minimis* force.  Gray, 2013 WL 2470311, at *2.  There were also efforts taken to temper the severity of the response.  After Plaintiff complained to Defendant Kightlinger about the handcuffs, Defendant Kightlinger had

10

Defendant Fanton check the handcuffs. Doc. 1 at 5. Plaintiff then told Defendant Fanton the handcuffs were too tight and causing him pain. Defendant Fanton examined the handcuffs by touching them, and stated, "[Plaintiff] will be alright." Id. Once Plaintiff was returned to the prison, Defendants ensured he was seen by medical staff, further tempering their use of force.

Plaintiff's allegations also fail to satisfy the Eighth Amendment's subjective prong, and he has failed to state a claim for which he is entitled to relief. See Bryant v. Downs, No. 609-CV-1670, 2010 WL 2593564, at *5 (M.D. Fla. June 28, 2010). Accordingly, I **RECOMMEND** the Court **DISMISS** his Eighth Amendment excessive force claims against Defendants Baker, Kightlinger, and Fanton. Because I have recommended dismissal for failure to state a claim, I decline to address Defendants' remaining arguments for dismissal.

## CONCLUSION

For the reasons stated above, I **RECOMMEND** the Court **GRANT** Defendants' Motion and **DIRECT** the Clerk of Court to enter the appropriate judgment in favor of Defendants as to Plaintiff's First Amendment retaliation claim and Eighth Amendment excessive force claim. Based on these recommendations, I also **RECOMMEND** the Court **DISMISS** Baker, Cameron, Chalfante, Edge, Fanton, Garret, Kightlinger, and Nash as named Defendants in this case. Plaintiff's claims against Defendants United States and Doe should remain pending.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a

party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 9th day of June, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA